ISAAC M. VAN PATTEN, Respondent, *v.* SCHENECTADY STREET RAILWAY COMPANY, Appellant.

*Electric street railway — care in operating its road — injury to one driving across its tracks — proof of negligence required.*

It is the duty of a corporation operating, by electricity, a surface railroad in a city to use all the care and caution that a proper regard for the safety of those traveling upon the public highway requires, consistent with a proper enjoyment by it of its franchise and the right to successfully operate its road.

It is the duty of a person driving upon a public highway to look and listen when approaching the track of a surface railroad operated by electricity, before attempting to cross the same.

In an action brought to recover damages sustained by reason of the alleged negligence of another, the plaintiff, in order to recover, must prove negligence on the part of the defendant, and freedom from contributory negligence on his part.

APPEAL by the defendant, the Schenectady Street Railway Company, from a judgment of the County Court of Schenectady county in favor of the plaintiff, entered in the office of the clerk of the county of Schenectady on the 9th day of January, 1894, upon the verdict of a jury, and also from an order made on the 8th day of January, 1894, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*De Remer & Angle,* for the appellant.

*John D. Miller,* for the respondent.

MAYHAM, P. J. :

The plaintiff, while crossing the railroad track of the defendant's railroad, with his horse and wagon, was hit by a motor car and sustained injury to himself, his horse and wagon, harness and servant, who was riding with him, for which he brought this action.

The action was prosecuted upon the theory that the injury was produced by the negligence of the defendant's servants in running the motor. The defendant denies any negligence on its part, and alleges the contributory negligence of the plaintiff.

The track of the defendant's railroad runs up Kruise avenue to the intersection of that street with Campbell avenue, when the track curves into and extends up the latter avenue.

On Kruise avenue there are two wagon tracks, one on either side of the railroad track. On the evening of the accident the plaintiff was, at about half-past eight o'clock, driving up Kruise avenue on the right hand side of the railroad, and at the curve of the railroad track, at the junction of these two avenues, the plaintiff, while attempting to cross the railroad track, was struck by a motor and injured.

Two grounds of negligence are charged by the plaintiff against the defendant :

*First.* The rate of speed at which the motor was running at the time of the collision.

*Second.* The failure to give the proper warnings and signals at the crossing at which the plaintiff was hit.

The evidence does not disclose that the motor in question was running at an unusual, excessive or dangerous rate of speed ; upon

the whole evidence not to exceed four or five miles an hour. Nor does a fair construction of the evidence justify the finding that the defendant was guilty of negligence in not giving suitable warning of the approaching of the motor to the junction of Kruise and Campbell avenues. There seems to be no statutory requirement that the defendant shall give a warning, or maintain a flagman at that point. At the same time it was doubtless the duty of the defendant to use all the care and caution that a proper regard for the safety of the traveler on the public highway would require, consistent with the proper enjoyment by the defendant of its franchise, and the right to successfully operate its road. It is true that the plaintiff testifies that he heard no bell sounded on the approaching motor. But the defendant proves by several witnesses that a gong was sounded on the car from above the junction on Campbell avenue until the time of the collision.

This is established by the positive affirmative evidence, and if untrue, the witnesses who testified to it must have committed deliberate perjury, while the evidence of the plaintiff, that he heard no bell, is of a negative character, and admits of the construction that the bell might have been sounded and he not have heard it, without charging him with intentional or willful falsehood.

Under such circumstances, we do not think the evidence justified the finding by the jury that the defendant was guilty of negligence in running its motor, for which it can be held liable. But if that was such a disputed question of fact that this court should not, on appeal, interfere with the verdict of the jury, still we think that the plaintiff failed to prove freedom from contributory negligence. He was familiar with this crossing. The railroad track was visible for a sufficient distance up Campbell avenue from the crossing to have enabled the plaintiff to have seen the approaching motor before the collision, if he had looked and listened.

It is true that at the immediate point of crossing there was a building which hid the railroad track from one passing up Kruise avenue, but that fact called upon the plaintiff for greater caution, and seemed to make it his duty to have looked up Campbell avenue when he was in a position to have done so, for a distance of 200 feet before reaching the White House, and if he had done so he must have seen the approaching motor in time to have stopped his horse,

which was on a slow walk and could easily have been controlled, and thus the accident averted.

The principles which govern this class of cases are too familiar to require citation of authorities.

The plaintiff must prove negligence on the part of the defendant, and freedom from contributory negligence on his own part.

Upon the evidence in this case we think he failed in both particulars, and that the learned judge erred in denying the motion of the defendant to dismiss the complaint, and also the motion to set aside the verdict on defendant's motion.

The judgment must be reversed, and a new trial granted, costs to abide the event.

PUTNAM and HERRICK, JJ., concurred.

Judgment reversed, new trial granted, costs to abide the event.